# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | 5:07-CR-12(1) |
| | § | |
| EMMANUEL GROVER DAVIS | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On June 14, 2010, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Carol Wheeler. Defendant was represented by John Stroud.

Emmanuel Grover Davis ("Defendant" or "Mr. Davis") was sentenced on October 30, 2007, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of attempted bank robbery, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 16 and a criminal history category of I, was 21 to 27 months. Mr. Davis was subsequently sentenced to 21 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare, substance abuse testing, financial disclosure, and a $100 special assessment.

On August 29, 2008, Mr. Davis' conditions were modified to include 180 days in the community confinement center located in Tyler, Texas. On October 27, 2008, Mr. Davis completed his period of imprisonment and began service of the supervision term in the community confinement center. On April 24, 2009, Mr. Davis was released from the community confinement center and continued service of the supervision term in Texarkana, Texas.

In its petition to revoke, the Government alleges Defendant violated the following conditions:

1) **Defendant shall not commit another federal, state, or local crime.** Specifically, the Government alleges as follows. On September 26, 2009, Mr. Davis was arrested by the Texarkana, Arkansas Police Department for domestic battering – 3rd degree, and criminal contempt. The domestic battering charge was dismissed, and Mr. Davis was ordered to pay a fine for the criminal contempt charge.

2) **Defendant shall refrain from excessive use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer**. Specifically, the Government alleges as follows. On May 11, 2009, Mr. Davis submitted a urine specimen which tested positive for cocaine. Mr. Davis admitted to said use.

3) **Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.** Specifically, the Government alleges as follows. On November 14, 2008, Mr. Davis was instructed to submit a complete and truthful monthly report by the 5th of each month. Mr. Davis failed to submit a monthly report for March, April, and May 2010.

4) **Defendant shall notify the probation officer ten days prior to any change of residence or employment**. Specifically, the Government alleges as follows. The U.S. Probation Office made numerous attempts to contact Mr. Davis at the residence he provided as his home address. It became apparent that Mr. Davis was no longer residing at that residence, and as of the date of the petition, Mr. Davis' whereabouts were unknown. Efforts to contact Mr. Davis' limited family in the area were unsuccessful.

**5) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** Specifically, the Government alleges as follows. On February 28, 2010, Mr. Davis was arrested by the Texarkana, Arkansas Police Department on an outstanding warrant for failure to pay a fine. According to the Bowie County Jail records, he was released from jail on March 12, 2010. Mr. Davis did not report this arrest to the U.S. Probation Office.

The Court scheduled a revocation hearing June 14, 2010. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the allegations contained in the Government's petition. Based upon Defendant's plea of true to the allegations, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence, which was agreed upon by the parties, be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is the recommended judgment of the Court that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months with no term of supervised release to follow said term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months with no term of supervised release to follow said term of imprisonment.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 14th day of June, 2010.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE